**VILLAGE OF CONSTANTINE and Raymond Scott, d/b/a Scott Construction, Plaintiffs-Appellants,**

v.

**HOME INSURANCE COMPANY, a foreign corporation, Defendant-Appellee.**

No. 19957.

United States Court of Appeals, Sixth Circuit.

June 12, 1970.

Edward J. Ryan, Kalamazoo, Mich., for appellants.

Laurence D Smith, of Schmidt, Smith & Howlett, Grand Rapids, Mich., for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.

EDWARDS, Circuit Judge.

Appellants, Raymond Scott and the Village of Constantine, appeal from an order of the United States District Court for the Western District of Michigan dismissing their complaints after trial on the ground that under Michigan law the defendant, Home Insurance Company, was not liable to either plaintiff.

The facts developed by stipulation and trial indicate that Scott had sold certain generators to the Village of Constantine under a title-retaining conditional sales contract. The contract required Scott to "insure the equipment for breakdown insurance." In pursuance of this provision Scott applied to the Home Insurance Company for a breakdown insurance policy. He informed the insurance company agent fully about the sale of the machines to the Village of Constantine but did not request that the Village be named in the policy. He also informed the agent that it was his intention to sell the conditional sales contract.

Subsequently, Scott did sell the conditional sales contract to a Nebraska bank, receiving full payment therefor. No effort was made to assign the policy to the bank or to reissue it. Subsequently, two generators broke down and the Home Insurance Company refused payment under the policy.

Two principal questions were argued before the District Judge and are now argued before us. First, whether a Michigan public policy against "wagering contracts" bars enforcement of this insurance policy by Scott because at the time of the breakdown of the machinery involved, Scott no longer possessed any "insurable interest" in the property. The District Court held that it did. Second, whether or not the Village of Constantine, although not named in the policy, was a third-party beneficiary under Michigan law, Mich.Stat.Ann. § 27A.1405 (1962), M.C.L.A. § 600.1405, and as such could bring suit for its breakdown damages directly. The District Court held that it could not.

As to the insurable interest issue, the rationale of the court appears to have been the following:

"Without going into the details of the policy in question, it appears to the complete satisfaction of this Court that at the time of the loss the insured had divested himself of any and every interest in the property in question, and had not even retained an interest as a warrantor of the condition of the property or the mechanical operation of the property. All that he had done was to agree to buy a policy of insurance, which he did not do."

Under Michigan law, however, we do not believe that the voidance of an insurance contract because it is a "wagering contract" follows automatically from a holding that an insured has divested himself of any ownership interest in the property insured by the policy. The leading case on this topic in Michigan is Crossman v. American Insurance Co., 198 Mich. 304, 164 N.W. 428 (1917). In it Justice Fellows quoted with approval the following language from the Supreme Court's opinion in Harrison v.

Fortlage, 161 U.S. 57, 16 S.Ct. 488, 40 L.Ed. 616 (1896):

> " 'It is well settled that any person has an insurable interest in property, by the existence of which he will gain an advantage, or by the destruction of which he will suffer a loss, whether he has or has not any title in, or lien upon, or possession of the property itself.' " Crossman v. American Insurance Co., supra, 198 Mich. at 309, 164 N.W. at 429.

█ After scholarly citation of similar legal opinion, Justice Fellows concluded:

> "An insurable interest does not, of necessity, depend upon ownership of the property. It may be a special interest entirely disconnected from any title, lien, or possession. If the holder of an interest in property will suffer direct pecuniary loss, by its destruction, he may indemnify himself therefrom by a contract of insurance. The question is not what is his title to the property, but rather, would he be damaged pecuniarily by its loss. If he would, he has an insurable interest. That interest may be derived by possession, enjoyment, or profits of the property, security or lien resting upon it, or it may be other certain benefits growing out of or dependent upon it." Crossman v. American Insurance Co., *supra* at 308–309, 164 N.W. at 429.

Thus, it seems clear to us that Michigan invokes its rule, one founded upon public policy, to avoid the possibility that someone would be tempted to gamble upon another's life or property when he had nothing at stake in the destruction of either. But it is not a rule designed to serve the purpose of a technical defense to an otherwise valid contract between parties who know exactly what is involved.

█ Patently, Scott had a real interest in the continued existence and operation of the instant machinery. As of the time of the breakdown of the two generators in question, he was still liable on his undertaking to procure damage insurance. In the event he had failed to do so, or in the event we hold his attempt to do so to have been void, he will become liable to the Village of Constantine for the damage. While Scott had neither ownership interest in the property insured nor anything to gain from it, he clearly did have something to lose. Under Michigan law we believe this was sufficient to take this insurance out of the "wagering contract" class.

Moss v. Union Mutual Insurance Co., 11 Mich. App. 334, 161 N.W.2d 158 (1968), relied upon by the appellee, is distinguished by the fact that there the insured had suffered no monetary loss as a result of the damage to the property insured.

█ In this diversity case, of course, Michigan law controls. We find no Michigan case which appears to state a different rule than that of the *Crossman* case.

It is interesting also to note that *Appleman* cites *Crossman* as a leading case on the insurable interest problem. 4 J. Appleman, Insurance Law and Practice § 2123 at 37n.30 (1969). It states the general rule nationally thus:

> "The usual rule customarily followed is that an insurable interest exists when the insured derives pecuniary benefit or advantage by the preservation or continued existence of the property or will sustain pecuniary loss from its destruction. Reasonable expectation of benefit from preservation of the property is thus sufficient; or liability to loss from damage to it will be sufficient." *Id.* at 35–37. (Footnotes omitted.)

At oral argument the parties conceded that if the first question asked in this case was answered favorably to the insured, there was no need to deal with the third-party beneficiary question.

The judgment of the District Court is reversed and remanded for entry of judgment in accordance with this opinion.